Owen McGivern, J.
Defendants move to dismiss the complaint, for summary judgment, and for an order vacating the notice of examination.
The action itself is based on the allegations of a derivative stockholder that another stockholder withdrew money from the corporation without consideration and in a manner unauthorized, improper and illegal. Defendants have denied the material allegations of the complaint and as an affirmative defense, have pleaded that the individual defendants and plaintiff entered into a stock purchase agreement in February, 1955, pursuant to the terms of which a balance sheet reflecting the assets and net worth of the defendant corporation and the respective individual interests was to be furnished. The agreement provided also for arbitration, if any party thereto objected to the accuracy of the statement to be furnished; in the absence of any demand for arbitration, the statement was to be final and neither party *946 could at any time attack the correctness thereof or resort to any forum to litigate any matters in connection with their respective stock or other interests in the defendant corporation. The plaintiff, by motion addressed to the affirmative defense, moved to strike the same as frivolous, which has been denied by a Justice of this court.
The aforesaid agreement was modified by an extension of time to furnish balance sheets to August 15,1958, with the same rights given to the parties to contest the accuracy thereof. The affirmative defense then alleges that the statement was furnished and that neither party objected to the same prior to the time fixed therefor, and the contention is made that this court has no jurisdiction of the action attempted to be maintained and the complaint should be dismissed.
In his answering affidavit, plaintiff asserts that he never read the papers he signed since he relied on his brothers, one, an attorney. However, mere failure to read an agreement does not deprive them of their validity (Amend v. Hurley, 293 N. Y. 587). And merely alleging in his answering affidavit that something must have been wrong is not a statement of fact.
The plaintiff’s rights, if any, are barred by the agreements he signed; plaintiff and the defendant Sol Miller are the only stockholders and they are bound by their agreement. Accordingly, no cause of action lies, and defendants’ motion to dismiss and for summary judgment is granted. In view of this disposition, the motion to vacate becomes academic and is denied.
Settle order.